HALL, Judge.
In this consolidated appeal Misty Shane appeals a final order of dependency of her two minor children and an order placing the children in the custody of their paternal grandparents.
We agree with appellant’s argument that her rights and those of her children were grossly violated by the failure of the Department of Health and Rehabilitative Services (HRS) to follow the procedures of the Juvenile Justice Act in obtaining the order of dependency. Consequently, we reverse that order and, by necessity, the custody order. We therefore do not reach appellant’s arguments regarding the custody order.
On July 8, 1985, HRS placed appellant’s children in emergency shelter care because it believed the children were being exposed to an environment likely to significantly impair their physical and emotional health. A detention hearing was held on July 10, 1985, and an order of detention was issued by the judge and filed on that same date. Also on that date, HRS filed a petition alleging dependency.
On July 25, 1985, a hearing was held at which an HRS caseworker explained the allegations of the petition and set forth the activities which HRS recommended for the parents before it would recommend the return of their children. The caseworker showed the trial judge photographs of the children which were neither marked as exhibits nor entered into evidence. Appellant disagreed with HRS’s allegations and recommendations and stated that she did not consent to an adjudication of dependency of her children. Appellant also requested that the court appoint an attorney to represent her as she could not afford to hire one. The judge indicated that he would appoint an attorney for appellant. He also ordered that her children remain in shelter care pending an investigation of her household by HRS. The judge did not consider proffers of evidence, stating that the parties would have an opportunity to present evidence at the next hearing. However, no other hearing was held. Rather, on July 26, 1985, an order adjudicating appellant’s children dependent was filed.
This sequence of events reveals that several sections of the Juvenile Justice Act were violated. First, a detention hearing must be held within twenty-four hours after a child is taken into custody. Fla.R. Juv.P. 8.050(b). The detention hearing in this case was held two days after appellant’s children were taken into custody. Second, if a child is detained by order of court, an arraignment hearing must be held within fourteen days of the date the child was taken into custody to allow the parents to admit, deny, or consent to the findings of dependency alleged in the petition therefor. § 39.408(l)(a), Fla.Stat. (1985). The hearing in this case was held seventeen days after appellant’s children were placed in emergency shelter care. Third, if a parent denies any of the allegations of the petition at the arraignment hearing, the court must then hold an adjudicatory hearing within seven days. Id. Although appellant disagreed with the allegations made by HRS and stated that she did not consent to an adjudication of dependency of her children, an adjudicatory hearing was never held.
HRS argues that appellant did not demonstrate any prejudice from its failure to hold a detention hearing within twenty-four hours of taking appellant’s children into custody. Although we do not disagree with this argument, it does not alter the fact that appellant was prejudiced by the failure of the court to hold an adjudicatory hearing. HRS does not directly address this point. Instead, it asserts that appellant has not met her burden of show *799 ing that the trial court’s findings of dependency were not supported by competent and substantial evidence. We disagree. Because appellant disputed the allegations of the petition of dependency, the court could not make valid findings on the issue of dependency without first holding an adjudicatory hearing and allowing the parties to submit evidence to support their respective positions. Furthermore, even if we were to disregard the fact that an adjudicatory hearing was not held, which we cannot lawfully do, because the court did not accept any proffers of evidence at the arraignment hearing, there is absolutely no evidence, let alone any competent and substantial evidence to support the court’s findings.[1]
Accordingly, we reverse the orders of dependency and custody and remand with directions that an adjudicatory hearing be held.
DANAHY, C.J., and CAMPBELL, J., concur.

. Although not an issue in this case in light of our holding, we would point out that orders of adjudication of dependency must contain a statement of the facts upon which they are based. § 39.409(3), Fla.Stat. (1985).